**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JERMAINE BURSE** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 4:06CV100-TSL-LRA**

**LT. LORETTA BENNETT** **DEFENDANT**

---

**MEMORANDUM OPINION AND ORDER**

Jermaine Burse, *pro se,* [hereinafter "Plaintiff"] and Attorney Lee Thaggard, counsel for Lt. Loretta Bennett [hereinafter "Defendant"],appeared before the undersigned United States Magistrate Judge on the 31st day of January, 2008, at the James Eastland Federal Building and Courthouse in Jackson, Mississippi, for an omnibus hearing. The Court scheduled this hearing for various pretrial purposes, including a Spears hearing. The hearing was conducted in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation and to determine whether or not Plaintiff's claims were supported by a factual or legal basis. Pursuant to a Consent signed by all parties on January 31, 2008, District Judge Tom S. Lee entered an Order [#23] filed February 4, 2008, assigning this cause to the undersigned United States Magistrate Judge for all further proceedings.

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the

court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to his case.

According to his Complaint, as augmented by Plaintiff's sworn testimony at the Spears hearing, Plaintiff was a state inmate incarcerated in the East Mississippi Correctional Facility in Meridian, Mississippi, in February, 2006. He was given three Rules Violation Reports ["RVRs"] for verbal threats and received a hearing by Defendant, the disciplinary officer at the prison. Defendant found him not guilty. Four days later, Defendant came to his cell, told him she had to rehear the RVRs, and found him guilty. She did not conduct another hearing; she simply changed "not guilty" to "guilty" with a marker on the RVRs. According to Plaintiff, Defendant was told to reverse the ruling by the Warden. As punishment, he was given twenty days in isolation and lost his earned time and his privileges.

Plaintiff filed an ARP regarding the punishment, the decision was reversed, and the RVRs were again dismissed. He was released from segregation after only fifteen days. The ruling stated that "due to administrative error, relief was granted." Plaintiff's earned and good time was restored, and his privileges were restored within thirty days. Plaintiff contends that he never received

certain property back, including "paperwork." Plaintiff never filed an ARP on his property claim because he could not file two claims in the same incident. All of the relief Plaintiff requested in his ARP was granted, except that he was not given any monetary damages for the fifteen days he spent in segregation. In this case, Plaintiff charges that his Due Process rights were violated. He requests monetary damages for the fifteen days he spent in segregation.

The Court finds that the facts asserted by the Plaintiff do not state a claim upon which relief may be granted and, therefore, the Complaint must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii). The Court has accepted Plaintiff's testimony and allegations as true. Although these circumstances may not seem fair to the Plaintiff, they simply do not violate the United States Constitution.

The case of *Sandin v. Conner*, 515 U.S. 472 (1995), requires that Plaintiff's case be dismissed. In *Sandin*, the United States Supreme Court held that thirty days in segregated confinement did not implicate a prisoner's due process liberty interests. The Fifth Circuit applied *Sandin* in *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997), and found that a punishment of thirty days of cell restriction and thirty days of commissary restriction are "merely changes in the conditions of his confinement and do not implicate due process concerns." These penalties do not represent

the type of "atypical, significant deprivation in which a state might create a liberty interest." *Id.* at 768. The Court noted that states sometimes create liberty interests which are protected by the Due Process Clause. However, these interests are generally limited to state created regulations or statutes which affect the ***quantity of time*** rather than the ***quality of time*** served by a prisoner. *Id.* In coming to this conclusion, the Court first laid down the principle that the Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner. *Id.*, *citing Sandin*, 515 U.S. at 478 (*citing Meachum v. Fano,* 427 U.S. 215 (1976).

In Plaintiff's case, the *quality* of his time, not the *quantity* of his time in prison, was affected. The fifteen day punishment in segregation does not represent the type of atypical, significant deprivation described in *Sandin* which would implicate the Due Process Clause or entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Plaintiff cited the *Wolff* case, but it does not apply to his situation.

Plaintiff also failed to state claim for the deprivation of property without due process. Where a state provides an adequate postdeprivation remedy for the confiscation of prisoner property, an inmate does not have a cognizable claim under § 1983 for the loss of his property. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir.1994). The Mississippi tort of conversion is an adequate

postdeprivation remedy for the wrongful confiscation of prisoner property. *Id*. at 543. Accordingly, Burse's property claim is not actionable under § 1983.

Considering every assertion by Plaintiff as true, the Court still finds that he has failed to state a **constitutional** claim or a claim upon which relief can be granted. It is well-settled that the courts, unless presented with patently unreasonable conduct, are reluctant to interfere with the day-to-day operations of a prison. *Bell v. Wolfish*, 441 U.S. 520 (1979).

The Court is of the opinion that Burse cannot maintain his action under the controlling law governing actions brought under 42 U.S.C. § 1983. Applying the applicable law to Burse's allegations, the Court holds that his claims have no basis either in law or in fact and, therefore, are frivolous[1] and fail to state a claim on which relief may be granted. For these reasons, this action will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(I) and(ii). A separate Judgment shall be entered on this date dismissing this cause for the reasons set forth in this Memorandum Opinion and Order.

[1]"Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

IT IS, THEREFORE, ORDERED that the Complaint is dismissed with prejudice and that a separate Final Judgment in favor of Defendant Bennett shall be entered on this date.

THIS the 5th day of February, 2008.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE